IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LUIS RODRIGUEZ<br>TDCJ No. 2148738,<br><br>    Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:20-cv-359-S-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jose Luis Rodriguez ("Rodriguez"), a Texas prisoner serving a forty-five-year sentence after being convicted in Dallas County of Driving While Intoxicated Third or More, has submitted a *pro se* writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. The Court has referred Rodriguez's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that Rodriguez's habeas petition should be denied.

### Applicable Background

Through this habeas action, Rodriguez challenges his 2017 Dallas County conviction for Driving While Intoxicated Third or More. *See State v. Rodriguez*, No. F-1658717-R (Crim. Dist. Ct. No. 256, Dallas Cnty., Tex. July 13, 2017); Dkt. No. 13-2 at 26. On May 25, 2018, the Texas Fifth District Court

of Appeals affirmed the conviction. *See Rodriguez v. State*, 2018 WL 2382106, No. 05-17-00854-CR (Tex. App – Dallas 2018, no pet.); Dkt. No. 13-2 at 29. Rodriguez did not file a petition for discretionary review ("PDR"). *See* Texas Court of Criminal Appeals, Case Search: Style – "Rodriguez, Jose Luis," available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited on September 16, 2021) (showing that Rodriguez filed a Motion to file a PDR out of time, but that motion was denied). On November 27, 2018, Rodriguez filed a state habeas application. Dkt. No. 13-2 at 30-44. And on March 6, 2019, the TCCA denied Rodriguez's habeas petition without written order on the findings of the trial court without a hearing, finding that Rodriguez's insufficient evidence claim was not cognizable on habeas review. *See Ex parte Rodriguez*, WR-89,482-01 (Tex. Crim. App. Mar. 6, 2019); *see also* Dkt. No. 13-2 at 68. On February 7, 2020, Rodriguez filed this federal habeas petition. *See* Dkt. No. 3. On June 11, 2020, the State filed a response. *See* Dkt. No. 13. Rodriguez did not reply.

## Legal Standards and Analysis

It is well-settled that federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state law that is "both independent of the merits of the federal claim and adequate to support that judgment." *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260 262 (1998)); *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Where a state court

has explicitly relied on a procedural bar, a petitioner may not obtain federal habeas corpus relief absent a showing of cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. "Cause is defined as 'something external to the petitioner, something that cannot fairly be attributed to him' that impedes his efforts to comply with the [state] procedural rule." *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 753). "If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice." *Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir. 2004) (citing *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997)). To establish a fundamental miscarriage of justice, a petitioner must provide evidence that would support a "colorable showing of factual innocence." *Kuhlman v. Wilson*, 477 U.S. 436, 454 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Rodriguez makes one claim for relief here: that he was not the driver of the vehicle that struck a Seven-Eleven convenience store before barreling into a MetroPCS building. *See* Dkt. No. 3 at 6; *see also* Dkt. No. 13 at 4-5 (containing factual statement of the case taken from the State's brief on direct

3

appeal). He made this same claim – though, it appears, relying upon slightly different facts – to the TCCA in his state habeas petition. *See* Dkt. No. 13-2 at 35-36. The TCCA, adopting the findings of the trial court, construed Rodriguez's allegations as a challenge to the sufficiency of the evidence necessary to convict. *See* Dkt. No. 13-2 at 68, 72. The undersigned agrees with that characterization. *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 F. App'x. 722 (5th Cir.2004) (per curiam) (applying insufficiency of the evidence analysis to claim of "no evidence").

But, as the state habeas trial court noted in its "Order Finding no Controverted, Previously Unresolved Factual Issues Requiring a Hearing," – which was adopted without exception by the TCCA – such insufficient evidence claims are not cognizable in state habeas applications. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding that evidentiary sufficiency claims are not cognizable in post-conviction, collateral attack); *West v. Johnson*, 92 F.3d 1385, 1389 n. 18 (5th Cir. 1996) ("Although the Court of Criminal Appeal's denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised on state habeas."); *Simon v. Quarterman*, CA No. 3:05-CV-1388-N, 2008 WL 268272, at *4 (N.D. Tex. Jan. 31, 2008) ("Under Texas law, it has long been that challenges to the sufficiency

4

of the evidence of a conviction must be raised on direct appeal.") (citations omitted).

And because Rodriguez did not file a timely PDR, this claim was never presented to the TCCA in a procedurally appropriate manner. *See Dupoy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (noting that, to properly exhaust a claim, the habeas petitioner must "'present his claims before the [state] courts in a procedurally proper manner according to the rules of the state courts'") (citation omitted).

By failing to present this claim to the TCCA in a procedurally correct manner, Rodriguez procedurally defaulted it under Texas law. "Such default constitutes an adequate and independent state procedural ground to bar federal habeas review." *Simon*, 2008 WL 268272, at *4 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991)). Because the time for Rodriguez to present this insufficient evidence claim through a PDR has elapsed, this Court may likewise find it procedurally defaulted. *See Haley*, 306 F.3d at 264. (citing TEX. R. APP. P. 68.2).

Further still, because the claim is procedurally defaulted, it must be dismissed unless Rodriguez can show cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. He makes no attempt to show cause, so the Court need not consider prejudice. *See Matchett*, 380 F.3d at 849. Nor does he point to any "new, reliable" evidence

5

that could support a miscarriage-of-justice exception. *See Schlup*, 513 U.S. at 324. Instead, he appears to suggest that the evidence presented at trial was insufficient to convict him. *See* Dkt. No. 3 at 6. But such an argument will not support the miscarriage of justice exception.

In short, Rodriguez procedurally defaulted his insufficient evidence claim – the only claim in his petition – by failing to present it to the TCCA in a procedurally-correct manner, and it may be dismissed on that basis.

## Recommendation

The Court should deny Rodriguez's application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: September 23, 2021.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE