IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE LUIS RODRIGUEZ          §
TDCJ No. 2148738,            §
                             §
          Petitioner,        §
                             §
V.                           §          No. 3:20-cv-359-S-BN
                             §
DIRECTOR, TDCJ-CID,          §
                             §
          Respondent.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Luis Rodriguez ("Rodriguez"), a Texas prisoner serving a forty-five-year sentence after being convicted in Dallas County of Driving While Intoxicated Third or More, submitted a *pro se* writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This Court, accepting the undersigned's findings, conclusions, and recommendation, denied the petition. *See* Dkt Nos. 16, 18, 19. The Court found that Rodriguez procedurally defaulted the only claim that he presented in his federal petition – a claim that there was insufficient evidence to support his conviction. *See* Dkt. No. 16 at 4.

Rodriguez did not appeal this Court's judgment. Instead, on March 17, 2022, he filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2), based on newly discovered evidence. *See* Dkt. No. 21. The Rule 60(b)(2) motion is referred to the undersigned United States magistrate judge for a recommended disposition pursuant 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

1

The undersigned now enters the following findings, conclusions, and recommendation, that the motion should be denied.

## Legal Standards and Analysis

The initial question is whether Rodriguez's Rule 60(b)(2) motion is really a successive petition requiring authorization from the United States Court of Appeals for the Fifth Circuit before being filed with the district court. *See* 28 U.S.C. § 2244(b)(3)(A).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from a conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)).

> As such, Section 2244
>
> lays out the requirements for filing successive petitions, serving as a gate-keeper by preventing the repeated filings of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because its numerically second.
> …
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underling conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

While Rule 60(b) provides relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application…so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" *Banister*, 140 S. Ct. at 1409 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); citation; internal quotation marks, and brackets omitted)).

But "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination" by, for example, arguing that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532).

Applying those standards, the undersigned concludes that Rodriguez's Rule 60(b)(2) motion is not a successive petition. The motion clearly indicates that it is premised upon newly discovered evidence pursuant to Rule 60(b)(2), but it does not elaborate on what that evidence is. *See* Dkt. No. 21 at 1-3. The motion also references *Schlup v. Delo*, 513 U.S. 298, 324 (1995), which sets out the proper standard to judge a habeas petitioner's claim that his or her actual innocence brings the case within the "narrow class of cases" implicating a "fundamental miscarriage of justice" and excusing a procedural default. *See Schlup*, 513 U.S. at 861; *see also Fairman v.*

*Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (explaining the fundamental miscarriage of justice exception to procedural default).

On the one hand, courts have noted that a Rule 60(b) motion "'presenting new evidence in support of a claim already litigated' is a paradigmatic example of a disguised successive § 2254 petition." *Jackson v. Lumpkin*, 25 F.4th 339, 341 (5th Cir. 2022) (quoting *Gonzalez*, 545 U.S. at 532). On the other hand, the Court's judgment dismissing Rodriguez's federal habeas petition relied on the procedural default doctrine and did not reach the merits of his claim. And, by his reference to *Schlup*, it appears that Rodriguez intends to argue that the fundamental miscarriage of justice exception excuses the procedural default. Because the Rule 60(b)(2) motion attacks a non-merits determination, it is not a successive petition. *See, e.g., Furman v. Sauers*, Civil Action No. 11-4342, 2021 WL 1122286, at \*5, n.4 (E.D. Penn, Mar. 23, 2021) ("As a preliminary matter, the Court must determine whether the Motion is a proper Rule 60 motion or an improper second or successive habeas petition. *Pro se* petitioner argues that the Court improperly dismissed his ineffective assistance of counsel claim as procedurally defaulted. Because the Court did not address the merits of the claim and *pro se* petitioner now challenges the Court's ruling with respect to the procedural default, the Court concludes the Rule 60(b)(2) Motion is not a second or subsequent habeas petition and thus is a proper Rule 60 motion."); *see also Sanders v. McCaughtry*, 333 F.Supp.2d 797, 799 (E.D. Wisc. Sept. 8, 2004) (refusing to treat Rule60(b)(2) motion as successive petition where the petitioner claimed to have new

evidence indicating that his motion should not have been dismissed for procedural default).

Turning to the motion's merits, a motion under Rule 60(b)(2) "is an extraordinary motion, and the requirements of the rule must be strictly met." *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992) (citation omitted). In general, "a motion for reconsideration is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Fisher v. Halliburton*, No. Civ. A-H-05-1731, 2005 WL 2001351, at \*1 (S.D. Tex. 2005) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). To succeed on a motion under Rule 60(b)(2), a petitioner must show (1) he exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if present before the original judgment. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citation omitted).

Rodriguez has not made that showing. While he seems to claim that new evidence exists, he does not say what this evidence is, much less that he exercised due diligence in obtaining it or "that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein*, 340 F.3d at 257; *see also Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980) (citations omitted). Because Rodriguez has not identified the supposedly new evidence, has not made any attempt to show diligence

in obtaining the unidentified evidence, and has made no attempt to explain how the unidentified evidence is material, his Rule 60(b)(2) motion should be denied.

## Recommendation

The Court should deny Rodriguez's Rule 60(b)(2) motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: April 6, 2022.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE