IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LUIS RODRIGUEZ TDCJ No. 2148738, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-00359-S-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jose Luis Rodriguez ("Rodriguez"), a Texas prisoner serving a forty-five-year sentence after being convicted in Dallas County of a third-degree felony driving while intoxicated offense, submitted a *pro se* writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. The Court, accepting the undersigned's findings, conclusions, and recommendation, denied the petition. *See* Dkt Nos. 16, 18, 19. The Court found that Rodriguez procedurally defaulted the only claim that he presented – a claim that there was insufficient evidence to support his conviction. *See* Dkt. No. 16 at 4.

Rodriguez did not appeal that judgment. Instead, he filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) based on newly discovered evidence. *See* Dkt. No. 21. The Court concluded that the Rule 60(b) motion was not a successive habeas petition and denied it. *See* Dkt. Nos. 22, 27.

Rodriguez appealed that denial, but the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. Dkt. No. 33.

On September 22, 2023, Rodriguez filed a document entitled "Motion to Dismiss Constitutional Error," in which he appears to present new habeas claims related to his conviction. *See* Dkt. No. 34.

The motion is referred to the undersigned United States magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The undersigned now enters the following findings, conclusions, and recommendation that the Court should transfer Rodriguez's motion, which, as explained below, is a successive habeas application, to the Fifth Circuit for appropriate action.

**Legal Standards and Analysis**

The crux of Rodriguez's motion is that he is actually innocent and should be released based on constitutional errors in the state proceedings. He claims that his motion is based on newly discovered evidence of perjury by police officers, and, in support, he points to an unspecified police report and medical record that "have been presented to the court in the above record." Dkt. No. 34 at 2. He argues that his attorney "failed to subject the prosecution case to meaningful adversarial testing," depriving him of his Sixth Amendment right to effective assistance of counsel. *See id.* at 4-9. He also claims that he was denied the right to effective cross examination and the right to have compulsory process for obtaining favorable witnesses in violation of the Sixth Amendment. *See id.* at 9. He claims that his trial was conducted in manner that is "shocking to the universal sense of justice" and in violation of the Fourteenth

Amendment. *See id.* at 12. Finally, refencing *Schulp v. Delo*, 513 U.S. 298, 324 (1995), he argues that the failure to consider his claims will result in a miscarriage of justice. *See id.* at 3.

Because Rodriguez's motion seeks to change or alter the Court's judgment denying habeas relief, and because it was filed more than twenty-eight days after judgment was entered, it should be analyzed under Federal Rule of Civil Procedure 60(b). *See, e.g., Mendoza v. Patrick*, Civil Action No. 5:17-cv-291-BQ, 2019 WL 11502980, at *1 (N.D. Tex. May 2, 2019) ("Because Mendoza filed the instant motion more than twenty-eight days after entry of judgment in this case, he cannot file a timely motion to alter or amend the judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e). Thus, the court liberally construes Mendoza's motion as seeking relief from the judgment under Rule 60(b).") (citing *Black v. United States*, MO-10-CR-197(2), 2012 WL 12986707, at *1 (W.D. Tex. Apr. 23, 2012)) ("Because Movant filed his motion nearly a year after this Court entered its final judgment, thus exceeding the twenty-eight day deadline of Rule 59(e), the Court will construe Movant's motion to reconsider as a Rule 60(b) motion for relief from judgment.").

But a prefatory issue is whether the Court has jurisdiction to consider the motion or whether it is instead a successive habeas petition. "A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Bannister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)).

If an application is a "second or successive petition" the district court cannot consider it without authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3).

"Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *In re Jasper,* 559 F. App'x 366, 370 (5th Cir. 2014)). "A federal court examining a Rule 60(b) motion should determine whether it *either*: (1) presents a new habeas claim (an 'asserted federal basis for relief from a state court's judgment of conviction'), or (2) 'attacks the federal court's previous resolution of a claim on the merits[.]'" *Id.* (citing *Gonzalez*, 545 at 530, 532) (emphasis added). "If the Rule 60(b) motion does either, then it should be treated as a second-or-successive habeas petition and subjected to the AEDPA's limitation on such petitions." *Id.* (citing 28 U.S.C. § 2244(b); *Gonzalez*, 545 U.S. at 531-32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013)). And "[a] federal court resolves the claim on the merits when it determines that there are or are not 'grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d),' as opposed to when a petitioner alleges 'that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar.'" *Id.* (citing *Gonzalez*, 545 U.S. at 532 n. 4).

Here – unlike his previous Rule 60(b) motion, which the Court construed as only attacking the non-merits-based determination that he procedurally defaulted his insufficiency-of-the-evidence claim – Rodriguez raises new habeas claims, namely that he was denied his Sixth Amendment trial rights to assistance of counsel, to confront adverse witnesses, and to compulsory process.

But, because Rodriguez previously exercised his "one fair opportunity to seek federal habeas relief from this conviction," *Banister*, 140 S. Ct. at 1702, his Rule 60(b) motion is a successive petition that this Court cannot consider without authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3); *see also In re Segundo*, 757 F. App'x 333, 335 (5th Cir. 2018) (per curiam) ("But '[u]sing Rule 60(b) to present new claims for relief[,]…even claims couched in the language of a true Rule 60(b) motion[,] circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.'"); citing *Gonzalez*, 545 U.S. at 531).

As this is Rodriguez's first successive habeas application, the Court should cure this want of jurisdiction by transferring his motion to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 2244(b)(3).

## Recommendation

The Court should construe Rodriguez's "Motion to Dismiss Constitutional Error" as a successive habeas corpus petition and transfer it to the United States Court of Appeals for the Fifth Circuit for further action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: October 26, 2023.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE